UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELI LEE ORTMYER,

        Plaintiff,

v.                                          Case No.  8:15-cv-303-T-27AEP

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and she failed to employ the proper legal standards, it is recommended that the Commissioner's decision be reversed and remanded.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 280-81).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 146-202, 204-08, 212-17).  Plaintiff then requested an administrative hearing (Tr. 218-19).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 91-145).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 71-90).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-8, 68-70).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. § 405(g).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1966, claimed disability beginning March 24, 2011 (Tr. 280). Plaintiff has at least a high school education (Tr. 98, 312). Plaintiff's past relevant work experience included work as medical office clerk, office manager, receptionist, retail sales clerk, and field investigator (Tr. 82, 137-39, 313). Plaintiff alleged disability due to nerve damage, severe migraines, acute asthma with vocal cord dysfunction, anxiety, congestive heart failure, cervical fusion neck surgery, depression, numbness in both hands, severe and chronic anemia, and muscle spasms from the cervical spine to the lumbar spine (Tr. 311).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2016, and had not engaged in substantial gainful activity since March 24, 2011, the alleged onset date (Tr. 76). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: cervical disorder status post fusion, lumbar spine disorder, knee disorders, COPD, asthma, vocal cord dysfunction, migraine headaches, IBS, depression, anxiety, and marijuana use (Tr. 76). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 76). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a full range of light work, except that Plaintiff must avoid climbing ladders, ropes, or scaffolding; must avoid more than occasional postural motions otherwise; cannot reach overhead; must avoid constant upper extremity reaching, handling, and fingering tasks; must avoid dangerous work hazards (unprotected heights and exposed machinery); must avoid concentrated exposure to pulmonary irritants; must avoid conditions of extreme heat or humidity; is limited to routine,

uninvolved work tasks not requiring a production-rate pace or detailed decision making; and requires work tasks where speaking is not an essential function of the job (Tr. 78). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely credible (Tr. 81).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 82). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a routing clerk, router, and marker (Tr. 83, 139-43). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 84).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review,

3

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient

reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues here that the ALJ erred by (1) failing to articulate any reasons for her failure to credit Dr. Daniel Vincent, Jr.'s opinion regarding Plaintiff's respiratory condition and need to avoid even minimal exposure to perfumes, chemicals, and airborne irritants; (2) failing to articulate a reason for her failure to credit Dr. Brittany Bohinc's opinion that Plaintiff could only occasionally reach, handle, and finger; and (3) improperly minimizing Plaintiff's cough syncope and shortness of breath as well as the evidence in Exhibits 29F through 33F. For the reasons that follow, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

**A. Medical Opinions**

Plaintiff first contends that the ALJ erred by failing to properly consider two of the medical opinions of record. When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20

C.F.R. § 404.1527(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. § 404.1527(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. § 404.1527(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

As to Dr. Vincent, Plaintiff contends that the ALJ failed to properly consider Dr. Vincent's opinion regarding the extent of Plaintiff's need to avoid perfumes, chemicals, and airborne irritants. In rendering her decision, the ALJ limited Plaintiff to avoiding concentrated exposure to pulmonary irritants. Plaintiff argues that the ALJ should have restricted Plaintiff to avoiding even minimal exposure to pulmonary irritants. In support, Plaintiff focuses upon statements made in a May 26, 2011 letter from Dr. Vincent to the Social Security Administration, which states, in relevant part:

> Ms. Ortmyer has been under my care intermittently since approximately December 2006. She was last seen as a patient on November 17, 2010. She has reactive airway disease as well as superimposed vocal cord dysfunction with spasmodic supraglottic hyperfunction. Her symptoms include frequent stridor and loss of the voice and the symptoms have been difficult to manage medically. The symptoms also seem to have been becoming increasingly more severe over the last year or so. Management of her asthma has been only partially effective. Her vocal cord symptoms lead to stridor, and this can be triggered by minimal exposure to irritants such as perfumes, chemical odors, or other airborne irritants. The symptoms cause significant transient physical impairment

6

> including significant shortness of breath, loss of voice function, and audible stridor with cough. She has no specific mental impairment such as understanding or memory problems, concentration problems, or problems with social interaction. However, her physical impairments are significant when she has episodes of laryngeal spasm.

(Tr. 670). In considering Dr. Vincent's statements, the ALJ recognized that Dr. Vincent noted that Plaintiff had several impairments and that Dr. Vincent noted that Plaintiff had no mental impairment and identified no physical or otherwise work-related restrictions (Tr. 79). Beyond that cursory summation of Dr. Vincent's letter, the ALJ did not address Dr. Vincent's findings or treatment any further in the decision. Specifically, as Plaintiff notes, the ALJ did not address Dr. Vincent's statement that even *minimal* exposure to pulmonary irritants could trigger Plaintiff's symptoms and lead to stridor, which, though transient, would cause *significant* physical impairments (Tr. 79-82, 670). Although Dr. Vincent did not opine that exposure to pulmonary irritants would preclude Plaintiff from all work, nor suggested any particular limitations to address Plaintiff's need to avoid pulmonary irritants, the ALJ's failure to address Dr. Vincent's statements regarding the exposure to pulmonary irritants, especially given the ALJ's finding that Plaintiff's COPD, asthma, and vocal cord dysfunction constituted severe impairments, or to afford any weight to the opinion of Dr. Vincent, who was a treating physician, warrants remand. Indeed, as Plaintiff notes, Social Security Ruling ("SSR") 85-15 states that "[w]hen an individual can tolerate very little noise, dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants, and other potentially damaging conditions." SSR 85-15, 1985 WL 56857, at *8 (S.S.A. 1985). The ALJ's failure to address Dr. Vincent's statements regarding the possible exacerbation of Plaintiff's symptoms when exposed to even minimal pulmonary irritants, therefore, is not, as the Commissioner contends, harmless. Upon remand, the ALJ should directly address Dr. Vincent's opinion and explain the weight she affords such opinion.

Similarly, on remand, the ALJ should specifically address Dr. Bohinc's opinion that Plaintiff should only occasionally reach, handle, finger, and feel (Tr. 707).  With respect to Dr. Bohinc, Plaintiff argues that, even though the ALJ assigned significant weight to Dr. Bohinc's opinion, the ALJ did not adopt Dr. Bohinc's opinion regarding Plaintiff's limitation to only occasionally reaching, handling, and fingering, or explain why she did not adopt such opinion.  As Plaintiff notes, the ALJ discussed Dr. Bohinc's findings and opinion (Tr. 79-80) and afforded the opinion significant weight, as the opinion was from an examining source, was unbiased, and was well supported by the overall record (Tr. 82).  Notwithstanding, in determining Plaintiff's RFC, the ALJ concluded that Plaintiff must only avoid constant upper extremity reaching, handling, and fingering tasks, rather than limiting Plaintiff to no more than occasional reaching, handling, and fingering tasks (Tr. 78).[1]  Such a distinction potentially affects Plaintiff's ability to perform other work, including the jobs identified by the VE, and is therefore not a harmless error.  As such, the ALJ should address on remand Dr. Bohinc's opinion regarding the need to only occasionally reach, handle, finger, and feel, as well as any further upper extremity limitations supported by the record.

---

[1]  As the Commissioner correctly notes, a physician's opinion as to what a claimant can still do despite his or her impairments differs from an ALJ's assessment of a claimant's RFC.  *See* 20 C.F.R. §§ 404.1513(b) & (c), 404.1545, 404.1546; *see also* SSR 96-5p, 1996 WL 374183 (S.S.A. July 2, 1996).  In this instance, however, the ALJ discussed and afforded significant weight to Dr. Bohinc's opinion in determining Plaintiff's RFC but did not explain why she rejected the portion of Dr. Bohinc's opinion regarding more restricted functional manipulative limitations than those identified in the RFC.  In fact, indicative of the ALJ's recognition of Plaintiff's need for possibly greater functional limitations, the ALJ noted that she only afforded some weight to and issued greater restrictions than the opinions of the state agency consultants, each of whom concluded either that Plaintiff had no manipulative limitations or was able to engage in unlimited handling, fingering, and feeling (*see* Tr. 80, 82, 146-62, 182-201).

**B. Additional Impairments and Evidence**

Finally, Plaintiff contends that the ALJ failed to properly analyze Plaintiff's cough syncope, shortness of breath, and edema as well as the evidence found in Exhibits 29F through 33F (Tr. 1224-1834). As Plaintiff contends, with the exception of Exhibit 30F, *i.e.*, the treatment notes from Stewart-Marchman-Act Behavioral Healthcare (Tr. 1296-1322), the ALJ's decision is devoid of any mention of the evidence in Exhibits 29F through 33F (*see* Tr. 74-84). Given the lack of any reference by the ALJ to such a voluminous amount of evidence, it is impossible to discern whether the ALJ even considered such evidence in rendering her decision. Even though an ALJ is not required to summarize the entire record in his or her decision, *see Dyer v. Barnhart*, 395 F.3d 1206, 1210-11 (11th Cir. 2005), an ALJ may not simply ignore hundreds of pages of evidence. The Commissioner points to the ALJ's statement that she carefully considered "all the evidence" (Tr. 74) and the attachment to the decision of the list of exhibits, including Exhibits 29F through 33F, as indicative of the ALJ's consideration of the entire record. Although the undersigned acknowledges such blanket statements by the ALJ, the decision does not reflect that the ALJ actually considered that evidence of record. Accordingly, since it is unclear whether the ALJ considered Exhibits 29F through 33F, the decision should be reversed and remanded for the ALJ to consider and discuss such evidence.

**IV.**

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings.

2. The Clerk be directed to enter final judgment in favor of Plaintiff and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 16th day of February, 2016.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


cc:    Hon. James D. Whittemore
        Counsel of Record